Argued March 28, reversed May 30, 1978

STRACHAN, *Respondent,*
*v.*
BLUE CROSS OF OREGON, *Appellant.*
(No. A7708-12016, CA 9808)

579 P2d 1301

R. Kenney Roberts, Portland, argued the cause for appellant. With him on the brief were Daniel L. Meyers, and Jones, Lang, Klein, Wolf & Smith, Portland.

Mark Braverman, Portland, argued the cause for respondent. With him on the brief was Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

The issue in this workers' compensation case is whether claimant's present disability was caused by her compensable injury of December 16, 1974. The referee and Appeals Board determined that claimant's compensable disability had stabilized on September 23, 1976 and ordered her claim closed as of that date. The circuit court reversed, finding that claimant's present disability was caused by her injury. Employer appeals.

On December 16, 1974, while employed as a clerk for Blue Cross of Oregon, claimant suffered an accidental injury to her head, low back and arm when her chair tipped over backwards. Claimant became disabled and has not yet returned to work. On September 23, 1976, a determination order was entered awarding claimant temporary total disability benefits from the date of the accident through September 7, 1976. After a hearing the referee affirmed the determination order. The Workers' Compensation Board affirmed the referee's decision, but the circuit court reversed and ordered claimant's case reopened so as to provide payment for future treatment.

Claimant has been examined by many doctors. All agree that claimant's present disability is psychological rather than physical. If claimant's psychological disability was not caused by her injury of December 16, 1974 then the September 1976 closing of her claim was proper.

The evidence demonstrates that claimant suffered from the same psychological problems before her accidental injury of December 16, 1974. Claimant's problems were clearly enhanced by her physical injury. Claimant's testimony indicated that a period of hospitalization from March 2, 1976 to March 13, 1976 had improved her condition. Claimant stated: "When I went home it happened all over again because of anxiety and the depression." The reports of claimant's treating physician indicate that she felt that her

problems after the hospitalization could be traced to her home situation.

This evidence convinces us that claimant's present disability is not related to her accident of December 16, 1974. The referee and the Board were correct in closing the claim as of September 7, 1976.

Reversed.